IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| **In Re: Managed Care Litigation** | Case No. 3:20-mc-00852-IM<br><br>**OPINION AND ORDER** |
|---|---|

Kevin H. Kono and Tim Cunningham, Davis Wright Tremaine LLP, 1300 S.W. Fifth Avenue, Suite 2400, Portland, Oregon 97201. Attorneys for Movants Epiq Systems, Inc. and Neil Manning.

Andrew H. Selesnick, Buchalter, 1000 Wilshire Blvd., Suite 1500, Los Angeles, California, 900217, Jeffrey Gutchess, AXS Law Group, PLLC, 2121 NW 2nd Avenue, Suite 201, Miami, Florida, 33127, Gerald E. Greenberg, Gelber Schachter & Greenberg, P.A., 1221 Brickell Avenue, Suite 2010, Miami, Florida, 33131. Attorneys for Interpleader Managed Care Advisory Group, LLC.

Nicholas A. Kampars, Wildwood Law Group LLC, Portland, Oregon 97212, Marty Steinberg and David Massey, Hogan Lovells US LLP, 600 Brickell Avenue, Suite 2700, Miami, Florida 33131. Attorneys for Defendant CIGNA Healthcare, Inc.

**IMMERGUT, District Judge.**

This matter comes before the Court on Interpleader Managed Care Advisory Group, LLC's ("MCAG") motions to transfer two pending motions to quash subpoenas pursuant to Federal Rule of Civil Procedure 45(f) to the United States District Court for the Southern District

PAGE 1 – OPINION AND ORDER

of Florida ("SDFL").[1] ECF 17; ECF 34. On August 21, 2020, Epiq Systems, Inc. ("Epiq") and Neil Manning filed a motion to quash subpoenas that had been issued by the SDFL and served on them in Oregon. ECF 1. On August 31, 2020, CIGNA Healthcare, Inc. ("CIGNA") also filed a motion to quash the subpoenas served on Epiq and Manning. ECF 11. On September 3, 2020, MCAG filed a motion to transfer Epiq and Manning's motion to quash to the SDFL. ECF 17. On September 15, 2020, MCAG filed a motion to transfer CIGNA's motion to quash as well. ECF 34. On September 17, 2020, Epiq and Manning (in one brief) and CIGNA filed their respective responses in opposition to MCAG's motion to transfer.[2] ECF 36; ECF 40. MCAG filed its reply[3] on October 1, 2020, ECF 43, as well as notices of supplemental authority on October 1 and 7, 2020. ECF 44; ECF 45.

For the reasons set forth below, this Court finds that exceptional circumstances exist to justify transfer and accordingly GRANTS MCAG's Motions to Transfer, ECF 17 and ECF 34.

---

[1] MCAG has requested oral argument on its motions to transfer. ECF 38, 43. CIGNA has requested oral argument on its motion to quash. ECF 11, 42. The Court has determined that oral argument would not help it resolve the motions to transfer and pursuant to LR 7-1(d)(1) declines to hear oral argument. The Court does not reach the motion to quash.

[2] CIGNA's response in opposition to MCAG's motion to transfer "takes no position as to which court should hear the matter," because CIGNA is a party to the multidistrict litigation in the SDFL and accordingly would suffer no burden due to transfer of its own motion to quash to that court. ECF 40 at 6-7. Instead, CIGNA "supports" Epiq and Manning's motion to oppose transfer of their motion to quash to the SDFL. *Id*. at 7. CIGNA filed a response largely to address what it perceived as MCAG's "mischaracterizations." *Id*.

[3] While MCAG's reply only mentions Epiq and Manning's response, MCAG "intended this filing to serve as a reply to the responses in opposition to the motions to transfer" filed by all movants: Epiq, Manning, and CIGNA. ECF 46 at 2. MCAG filed a motion to correct the clerical errors in its reply to this effect on October 13, 2020. ECF 46. This Court will accept that MCAG's reply, ECF 43, addresses CIGNA as well as Epiq and Manning.

PAGE 2 – OPINION AND ORDER

## BACKGROUND

Beginning in 1999, various medical providers filed multiple class action lawsuits against managed care insurance companies, including CIGNA, alleging that the insurers improperly processed and rejected certain physicians' claims. *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1150 (11th Cir. 2019). These actions were consolidated into multidistrict litigation ("MDL") before the SDFL. After years of litigation, the class and CIGNA reached a settlement, and on January 30, 2004, the district court approved the parties' settlement agreement. *Id*. at 1151. The district court explicitly noted that it retained jurisdiction for "all matters relating to [ ] the interpretation, administration, and consummation of the Agreement." *Id*.

The settlement agreement appointed Poorman-Douglas Corporation (later acquired by Epiq) as the settlement administrator, and appointed Independent Medical Expert Consulting Services, Inc. d/b/a IMEDECS, Millennium Healthcare Consulting, Inc., and Mary Falbo, IMEDECS's founder and CEO (collectively, "IMEDECS") as the Independent Review Entity ("IRE"). ECF 17 at 4. Manning was a project manager for Epiq until he was replaced by David Garcia. *Id*. at 5. The settlement agreement "set up a claims process through which class members could resubmit claims they believed CIGNA had wrongfully adjudicated." *Id*. at 4. If CIGNA again denied a claim, the settlement administrator and the IRE determined whether the claim had been wrongfully denied and whether to pay it in full or in part. ECF 17 at 4. Accordingly, Epiq and Manning "played a central role in executing the terms of that class action settlement." *Id*.

After the settlement, MCAG "entered into an arbitration agreement with CIGNA in an attempt to resolve a dispute over a portion of the settlement funds." *Managed Care*, 939 F.3d at 1150. During this arbitration, MCAG attempted to use non-party arbitral summonses to require certain non-parties to participate in an arbitration hearing: (1) Epiq, the settlement administrator;

PAGE 3 – OPINION AND ORDER

(2) Garcia, a project director at Epiq; (3) Manning, a former project manager at Epiq; (4) IMEDECS/Millennium Healthcare Consulting, Inc., the IRE; and (5) Falbo. *Id*. at 1152. The summonsed parties objected, and MCAG filed a motion to enforce the summonses in the SDFL. *Id*.

The validity of these summonses rose to the Eleventh Circuit in September 2019. The Eleventh Circuit found that the SDFL retains ancillary jurisdiction to enforce the settlement agreement, and, because the arbitration between CIGNA and MCAG "involves disputes regarding distribution" of settlement funds, the "district court has ancillary jurisdiction over the arbitration." *Managed Care*, 939 F.3d. at 1156. Because the summonses to the non-parties "'relat[ed] to' the Settlement Agreement in which the district court retained jurisdiction," the Eleventh Circuit held that the SDFL's ancillary jurisdiction included the arbitral summonses. *Id*. at 1156 (quoting the district court's 2004 language retaining jurisdiction). The Eleventh Circuit went on to rule on the merits and hold that the district court lacked authority under Section 7 of the Federal Arbitration Act to enforce those arbitral summonses, because the court interpreted that provision to "prohibit[ ] pre-hearing discovery from non-parties." *Id*. at 1159-60.

The Eleventh Circuit also held that "the district court abused its discretion by allowing the arbitrator to review" settlement claims that CIGNA had already paid to MCAG, because "the district court retained jurisdiction over the administration of the Settlement Agreement" and "has a responsibility to ensure the class members receive that to which they are entitled under the Settlement Agreement." *Managed Care*, 939 F.3d at 1162. The court stated that the SDFL "should require an accounting regarding funds CIGNA paid to MCAG for claims that were not the subject of the arbitration," because the evidence overwhelmingly suggested that MCAG was not properly distributing these funds. *Id*. at 1163.

After the Eleventh Circuit opinion issued, MCAG's arbitral subpoenas were quashed by the SDFL. ECF 11 at 6; ECF 17 at 6. The arbitrator then issued a second set of summonses to the same five non-parties, which the magistrate judge also quashed. *See In re Managed Care Litig.*, No. 00-01334-MD, 2020 WL 3643042, at *2 (S.D. Fla. July 6, 2020).

Just before the magistrate judge's decision quashing those subpoenas, on June 26, 2020, a Stipulated Order signed by District Judge Federico A. Moreno was entered in *In re: Managed Care Litigation*, No. 1:00-md-01334-FAM, the MDL docket, as Document 6677. This Order states that the "Parties have agreed that there is no purpose in litigating in two fora, and further agree that it would be more economical to have the Court appoint Joseph Matthews as a Special Master in federal court, in lieu of the Arbitrator." Stipulated Order at 1. The parties stipulated to, among other things, transfer "all litigation regarding *MCAG v. CIGNA* to federal court, including the current Arbitration," and that the Eleventh Circuit opinion in *MCAG v. Cigna*, 939 F.3d 1145 (11th Cir. 2019) is the "law of the case." *Id*.

After entry of this Stipulated Order by the district judge on June 26, 2020, and the magistrate judge's July 6, 2020, order quashing subpoenas, MCAG issued five subpoenas to the same five non-parties, this time pursuant to Federal Rule of Civil Procedure 45 and under the issuing authority of the SDFL. ECF 34 at 3. All five recipients of these subpoenas filed motions to quash in the three federal courts in whose jurisdiction they reside: this Court, the Southern District of California, and the Eastern District of Pennsylvania. *Id*; *see In Re: Managed Care*, 3:20-cv-01623-H-BLM (S.D. Cal. Oct. 7, 2020); *In Re Managed Care*, 2:20-MC-00083 (E.D. Pa. Sept. 30, 2020). On September 30, 2020, the District Court for the Eastern District of Pennsylvania granted MCAG's motion to transfer to the SDFL. ECF 44 at 5. On October 7,

PAGE 5 – OPINION AND ORDER

2020, the District Court for the Southern District of California granted MCAG's motions to transfer as well. ECF 45 at 5.

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure governs subpoenas in federal court. Rule 45(a)(2) states that a subpoena "must issue from the court where the action is pending."

Rule 45(c) directs that a subpoena may only require compliance near the person's home or usual location. If the subpoenaed person wishes to "quash or modify" the subpoena, he must move "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A). This Court is the "compliance court" for the subpoenas served on Epiq and Manning for purposes of Rule 45. ECF 17 at 3.

Rule 45(f) states that "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." While local resolution of subpoena disputes is preferred, the 2013 Advisory Committee's Note advises:

> [T]ransfer to the court where the action is pending is sometimes warranted. . . . In the absence of consent [by the subpoenaed parties], the [compliance] court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Advisory Committee's Note on the 2013 Amendment, Fed. R. Civ. P. 45. Courts applying Rule 45(f) routinely refer to the 2013 Note's language in determining its scope. *See, e.g., Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 428 (N.D. Cal. 2014); *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *6 (D. Nev.

PAGE 6 – OPINION AND ORDER

Aug. 15, 2014); *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, 307 F.R.D. 30, 34 (D.D.C. 2014); *Cadence Pharm., Inc. v. Multisorb Techs., Inc.*, No. 16MC22G, 2016 WL 4267567, at *3-4 (W.D.N.Y. Aug. 15, 2016).

## DISCUSSION

### A. The Existence of a Pending Action

Epiq, Manning, and CIGNA argue that this Court may not transfer their motions to quash under Rule 45(f) to the SDFL because no "action is pending" there after the close of the MDL and entry of the settlement agreement. *See* ECF 11 at 9; ECF 36 at 9; ECF 40 at 18. The text of Rule 45(f) does not expressly require a pending action in the issuing court to exist for the compliance court to be able to transfer. Rule 45(f) only refers to the "issuing court." Fed. R. Civ. P. 45(f). Nevertheless, pursuant to Rule 45(a)(2), in order to issue a federal subpoena, there must be a "pending action." As noted by the District Court for the Southern District of California in its order granting MCAG's motions to transfer, "[r]egardless of whether there is [a] pending 'action' or 'proceeding' in the [SDFL], the subpoena at issue names the [SDFL] as the issuing court." ECF 45 at 12. Arguably, by issuing the subpoenas that are in dispute, the issuing court has presumed there is a pending action.

Regardless, this Court further finds ancillary jurisdiction exists in the SDFL to provide a pending action for purposes of these subpoenas. Ancillary jurisdiction exists for "two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994) (internal citations omitted). The Ninth Circuit has described ancillary jurisdiction "over collateral *proceedings*" as jurisdiction over proceedings "related to, but technically separate from, a federal

PAGE 7 – OPINION AND ORDER

lawsuit." *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 964-65 (9th Cir. 2014) (emphasis in original). Collateral proceedings "to enforce a settlement agreement" are well-recognized as within ancillary jurisdiction. *Id*. at 965. In regard to the MDL settlement at issue in this case, the Eleventh Circuit found that the "district court retained jurisdiction as to all matters relating to [ ] the interpretation, administration, and consummation of the Agreement." *Managed Care*, 939 F.3d. at 1162. Further, it concluded that the SDFL retained ancillary jurisdiction over subpoenas that Epiq, Manning, and CIGNA concede were "identical" to the ones now at issue. ECF 39 at 11 (Epiq and Manning); ECF 40 at 11 (CIGNA). Therefore, assuming Rule 45(f) requires a pending action to exist in the issuing court, the SDFL's ancillary jurisdiction over these subpoenas provides such an action.

**B.  The Existence of Exceptional Circumstances**

As Epiq and Manning do not consent to transferring their motion to quash to the SDFL, this Court may transfer the motions to quash only if "exceptional circumstances" exist to justify the transfer pursuant to Rule 45(f). The party seeking transfer bears the burden of showing exceptional circumstances to justify transfer. Advisory Committee's Note on 2013 Amendment, Fed. R. Civ. P. 45. This Court finds that MCAG has met that burden.

The 2013 Advisory Committee's Note provides examples of potential exceptional circumstances: when the issuing court "has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id*. Other courts have considered factors such as "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Duck v. United States Sec. & Exch. Comm'n*, 317 F.R.D. 321, 323 (D.D.C. 2016) (quoting *Judicial Watch*, 307 F.R.D. at 34). Some courts have found judicial economy to be a

sufficiently exceptional circumstance. Wright & Miller, *§ 2451 Purpose and History of the Rule*, 9A Fed. Prac. & Proc. Civ. § 2451 (3d ed.).

MCAG argues that the same issues are raised in motions to quash filed in three different district courts, creating a risk of inconsistent rulings that justifies transfer. ECF 17 at 10. It also argues that the "complexity of the underlying action" justifies transfer, noting that "both Judge Moreno and Magistrate Judge O'Sullivan have been dealing with this very issue—subpoenas to the Movants and the IMEDECS, for more than four years already." ECF 17 at 11. MCAG also argues that transfer "would impose little burden" on Epiq and Manning because they "have extensive experience and ties to the SDFL and this very case." ECF 17 at 12.

This Court finds that the complexity of the MDL action, the SDFL's explicit task of enforcing the settlement agreement, and the SDFL's familiarity and history with the issues raised in the motions to quash provide exceptional circumstances justifying transfer. The SDFL has already ruled on motions concerning subpoenas from MCAG to Epiq and Manning, and it is in the best position to rule on these subpoenas, with a more informed background of the 20 years of litigation and/or settlement administration that led to this point. *See also In Re Managed Care*, 2:20-MC-00083 (E.D. Pa. Sept. 30, 2020) (granting MCAG's motion to transfer and noting that the SDFL has "managed the case for twenty years" and "has a strong interest in ensuring uniformity of rulings regarding the motion to quash which raises identical questions as motions pending in other jurisdictions"); *In Re: Managed Care*, 3:20-cv-01623-H-BLM (S.D. Cal. October 7, 2020) (granting MCAG's motions to transfer and noting that a "ruling by this Court that is contrary to Judge Moreno's intention could . . . interfere with his ability to carry out the Eleventh Circuit's mandate").

PAGE 9 – OPINION AND ORDER

Further, Epiq, Manning, and CIGNA rely substantially on arguments concerning the interpretation and authority of Judge Moreno's Stipulated Order of June 26, 2020. *See* ECF 36 at 8-13 (Epiq and Manning); ECF 40 at 27-30 (CIGNA). Judge Moreno or the SDFL would be in the best position to interpret and rule on the effect of Judge Moreno's Stipulated Order. The fact that the SDFL retains ancillary jurisdiction over settlement-related matters only buttresses this point.

The SDFL has handled more than 20 years of litigation in or relating to the MDL and the settlement agreement, and that court's continued control of such issues, especially given the court's ancillary jurisdiction to do just that, is appropriate.

**C. The Exceptional Circumstances Outweigh the Movants' Interest in Local Resolution**

The 2013 Advisory Committee Note provides guidance on the application of Rule 45(f). It counsels that exceptional circumstances cannot merely exist but must "outweigh" the interests of the local actors in having the dispute resolved locally. Advisory Committee's Note on 2013 Amendment, Fed. R. Civ. P. 45. The "prime concern" is "avoiding burdens" on movants. *Id*. The Court finds that the exceptional circumstances in this case outweigh the interests of Epiq, Manning, and CIGNA.

Even though Epiq and Manning "have at all times had Oregon counsel," ECF 36 at 14, and Oregon is of course on the opposite coast from Florida, the burden of transferring Epiq and Manning's motion to quash to the SDFL is outweighed by the considerable weight of the exceptional circumstances detailed above. Further, the 2013 Advisory Committee's Note states that if the motion is transferred, "judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on nonparties." Advisory Committee's Note on 2013 Amendment, Fed. R. Civ. P. 45. The Southern District of Florida has issued an administrative order "strongly encouraging" judges "to conduct court proceedings by telephone or video

PAGE 10 – OPINION AND ORDER

conferencing where practicable." *In re: Coronavirus Public Emergency*, Sixth Order Concerning Jury Trials and Other Proceedings, Administrative Order 2020-53, at ¶ 12 (S.D. Fla., filed Aug. 11, 2020), *available at* https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-53.pdf. This Court is hopeful that such efforts will minimize burdens imposed on Epiq and Manning, and that the SDFL can provide a more informed and expedient resolution of their motion to quash.

CIGNA, which filed a motion to quash Epiq and Manning's subpoenas, "takes no position on the Motion to Transfer [its own motion] since it is already a party to the MDL" but "supports [Epiq and Manning's] motion to oppose transfer" of their motion. ECF 40 at 7, 31. The Court accordingly finds no burden placed on CIGNA by transferring its motion to quash to the SDFL.

## CONCLUSION

For the foregoing reasons, the Court GRANTS MCAG's Motion to Transfer Movants Epiq and Manning's Motion to Quash, ECF 1. The Court also GRANTS MCAG's Motion to Transfer CIGNA's Motion to Quash, ECF 11. The motions to quash shall be transferred to the United States District Court for the Southern District of Florida. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED**.

DATED this 13th day of October, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge